UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.:  19-30419 (AMN) |
|     Peter Sikes, | : | Chapter 7 |
|         *Debtor* | : | |
| GigaNet Systems, Inc. , | : | Adv. Pro. No. 19-03019 (AMN) |
|         *Plaintiffs* | : | |
| v. | : | |
| Peter Sikes, | : | |
|         *Defendant* | : | |
| | : | Re:  ECF Nos. 64, 65, 67, 73, 74 |

**ORDER DENYING DEBTOR'S MOTION TO QUASH AND
SETTING DEADLINE FOR PARTIES TO RESPOND TO PENDING MOTIONS**

Peter Sikes filed a voluntary petition for Chapter 7 relief on March 21, 2019 ("Petition Date"), thereby commencing the bankruptcy case number 19-30419 ("Main Case").  ECF No. 1[1].  A Chapter 7 discharge order entered on September 6, 2019.  ECF No. 32.  Prior to entering the discharge order, the court granted GigaNet Systems, Inc.'s ("GigaNet") motion to extend time to file a complaint objecting to dischargeability.  ECF No. 26; *see also,* ECF No. 24.  On October 9, 2019, GigaNet commenced this adversary proceeding by filing a single count complaint seeking a determination that Mr. Sikes's debt to GigaNet was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).  ECF No. 39, AP-ECF No. 1 ("Complaint").

Before the commencement of discovery, on July 28, 2020, the parties participated in mediation before United States Bankruptcy Judge James J. Tancredi.  AP-ECF Nos. 28, 30.  During the most recent Pre-Trial Conference on March 30, 2021, the parties notified the court that mediation was ongoing.  AP-ECF No. 54.  Notwithstanding the

---

[1]     Citations to the docket of the Main Case are noted by "ECF No." Citations to the docket of this adversary proceeding no. 19-03019 are noted by "AP-ECF No."

1

parties' continued mediation efforts, a schedule was set leading to a trial entered establishing a discovery deadline of July 31, 2021, with trial to commence on January 10, 2022.  AP-ECF No. 56.

Over the last month, the following motions were filed:

- Motion to Quash Subpoena, filed by defendant Peter Sikes ("Defendant's Motion to Quash"), seeking to quash the subpoena directed to Wells Fargo Bank, N.A. ("Wells Fargo").  AP-ECF No. 64.  GigaNet objected by filing a Memorandum of Law and a Declaration by the Chapter 7 trustee Barbara Katz ("Trustee").  AP-ECF Nos. 71, 72.

- Motion to Quash Subpoena and for Protective Order filed by Andrea Sikes ("Ms. Sikes's Motion to Quash"), seeking to quash the subpoena directed towards her.  AP-ECF No. 65.  With the consent of Ms. Sikes, GigaNet requested an extension of the deadline to reply to Ms. Sikes's Motion to Quash to two weeks after the court rules on Defendant's Motion to Quash.  AP-ECF No. 73.

- Motion for Summary Judgment filed by Defendant ("Summary Judgment Motion").  GigaNet requested a two-week extension to respond to the Summary Judgment Motion, to which the Defendant has no objection.  AP-ECF No. 74.

As detailed below, GigaNet's two motions seeking an extension of time are granted and Defendant's Motion to Quash is denied.  This Order sets forth deadlines for GigaNet to file a response to Defendant's Summary Judgment Motion and Ms. Sikes's Motion to Quash.

## RELEVANT FACTS

According to GigaNet's Complaint, between February 28, 2017 and February 21, 2018, Core Technologies, LLC ("Core"), Defendant's business, issued purchase orders for one year maintenance renewals to GigaNet to provide goods and services to EMC Corporation (later acquired by Dell) ("EMC").  Complaint, ¶ 9.  As part of the regular billing structure, EMC sent payment to Core, who was to take its commission, and then send

the balance to GigaNet. Complaint, ¶ 9. Core did not pay GigaNet for these purchase orders. Complaint, ¶ 10. The complaint states that during Defendant's Rule 2004 Examination, held on August 15, 2019, Defendant testified he received a demand letter from Wells Fargo on January 30, 2018, seeking a repayment of one of Core's loans that Defendant had personally guaranteed. Complaint, ¶ 15. GigaNet alleges Defendant and Core were in financial distress and placed the purchase orders, through Core, with no intention of paying GigaNet for the orders. In response, Defendant asserted a single affirmative defense that the complaint fails to state a claim upon which relief may be granted. AP-ECF No. 6.

## DISCUSSION

Under Fed.R.Civ.P. 45, the court is required to quash or modify a subpoena that subjects the recipient to an undue burden or requires the disclosure of privileged information. Fed.R.Civ.P. 45(d)(3)(A). Fed.R.Civ.P. 45 provides courts with the discretionary power to quash or modify a subpoena that seeks trade secret or other confidential commercial information. Fed.R.Civ.P. 45(d)(3)(B). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden it imposed." *Travelers Indem. Co. v. Metropolitan Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). The movant seeking an order quashing a subpoena bears the burden to establish that it is overly burdensome or otherwise should not be enforced. *Universitas Educ., LLC v. Nova Grp., Inc.*, 11-CV-1590, 2013 WL 57892, at *2 (S.D.N.Y. Jan. 4, 2013).

Here, while Mr. Sikes is seeking the order quashing the subpoena, the subpoena is directed to Wells Fargo and demands production of documents, such as communications, applications, and decisions, regarding Wells Fargo, Defendant, and/or Core. AP-ECF No. 64, pp. 5-6. Of note, the first request seeks all documents concerning communications to or from Mr. Sikes and/or Core during the period of March 21, 2015 through the Petition Date. AP-ECF No. 64, p. 6.

Mr. Sikes moves to quash this subpoena, pursuant to Fed.R.Civ.P. 45, on the ground that it is an improper intrusion into a non-party's banking records (those of Core) and is excessive in scope. AP-ECF No. 64. Additionally, defendant argues Fed.R.Civ.P. 26 is relevant in the analysis in determining whether the subpoena is within a proportional scope of discovery.

In support of the Defendant's Motion to Quash, Mr. Sikes cites to *Miceli v. Mehr*, an employment discrimination action where the court granted the defendant's motion to quash on the grounds that the discovery sought was "insufficiently related to any of [the] claims or defenses, and where not irrelevant, [was] disproportional to the value of the requested information and the needs of the case." *Miceli v. Mehr*, 17-CV-00029, 2018 WL 4925689, at *5 (D. Conn. Aug. 14, 2018). However, *Miceli* is distinguishable from this case because there, the discovery dispute centered around exhibits to a draft investigation report, where the draft report had already been produced over the course of discovery and the information in the exhibits was not likely to uncover additional information. In this case, the subpoena seeks documents and communications related to financial transactions between Mr. Sikes, his company Core, and a financial institution. These financial transactions are at the center of GigaNet's complaint and there is no

suggestion the communications or records sought were previously produced, are summative or would not provide additional information.

Although Mr. Sikes does not assert a claim of privilege, I note that in the absence of a claim of privilege a party generally does not have standing to object to a subpoena directed to a non-party witness. *See*, *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *Universitas Educ., LLC v. Nova Group, Inc.*, 11-CV-1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013)("A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden."); *Haynes v. City of New York*, 19-CV-11008, 2021 WL 466814, at *3 (S.D.N.Y. Feb. 9, 2021). Even if Mr. Sikes had standing to object to the subpoena directed to Wells Fargo – which he does not – simply stating a subpoena imposes an undue burden on a non-party is insufficient to quash the subpoena. *See, Universitas Education, LLC v. Benistar, et al*, 20-CV-738 (JAM), 2021 WL 2289042, at *4 (D. Conn. June 5, 2021).

Accordingly, it is hereby

**ORDERED**: That, Defendant's Motion to Quash, AP-ECF No. 64, is DENIED; and it is further

**ORDERED**: That, the consented to Motion to Extend Time to Respond to Andrea Sikes's Motion to Quash, AP-ECF No. 73, is GRANTED and GigaNet shall respond to Andrea Sikes's Motion to Quash, AP-ECF No. 65, on or before June 30, 2021; and it is further

**ORDERED**: That, the consented to Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment, AP-ECF No. 74, is GRANTED and GigaNet

shall respond to the Defendant's Motion for Summary Judgment, AP-ECF No. 67, on or before June 30, 2021; and it is further

**ORDERED**: That, on July 7, 2021, at 11:30 a.m., a hearing shall be held to consider Andrea Sikes's Motion to Quash, AP-ECF No. 65, and GigaNet's response.

Dated this 10th day of June, 2021, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut